UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY L. BUXTON, | CASE NO.  5:07C3529 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| MICHAL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | **SENTENCE-FOUR REMAND ORDER** [Resolving Doc. 18] |
| Defendant. | |

An Administrative Law Judge ("ALJ") issued an "unfavorable" decision regarding Jerry Buxton's application for supplemental security income (SSI) benefits after a hearing in the above-captioned case.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and this Court referred the case to Magistrate Judge David S. Perelman for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).

This action is before the Court upon the Joint Stipulation for Remand (Doc. 18), and the Report & Recommendation (Doc. 19) of the magistrate judge recommending that the Court adopt the stipulation.  The parties stipulate that the Court remand the matter to the Commissioner for further proceedings and a new decision pursuant to sentence four of 42 U.S.C. § 405(g).[1]  For good cause shown, the stipulation of the parties is accepted by the Court.  Accordingly,

---

[1] Sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states: The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The decision of the Commissioner of Social Security is hereby REVERSED, and the case is REMANDED to the Commissioner of Social Security for further proceedings and a new decision. The Appeals Council shall remand the case to an ALJ for a new hearing and a new decision. The ALJ is instructed to (1) reconsider and reevaluate the record in its entirety; (2) consider evidence regarding the plaintiff's respiratory issues and carpal tunnel syndrome; (3) develop a residual functional capacity; and (4) consult a vocational resource if necessary to determine what effect the plaintiff's limitations may have on the occupational base.

After completing the foregoing and conducting any other record development the ALJ deems appropriate, the ALJ shall issue a new decision which provides a detailed explanation, supported by the record, for the weight given to all medical source opinions and vocational resources (if applicable), as well as weight given to the credibility of the statements and reports from the plaintiff. The decision shall explain the ALJ's conclusions regarding the plaintiff's abilities and limitations with specific references to the evidence of record in support thereof.

This Sentence-Four Remand Order constitutes entry of judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

DATED: January 14, 2008  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT

2